**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Condor II, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**
   700 Milam Street
   Number    Street
   Suite 1300
   Houston, Texas 77002
   City    State    ZIP Code

   Harris
   County

   **Mailing address, if different from principal place of business**
   1501 S. Mopac Expressway, Suite 220
   Number    Street
   _____
   P.O. Box
   Austin, Texas 78746
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number    Street
   _____
   _____
   City    State    ZIP Code

5. **Debtor's website** (URL)  _____

Debtor   Condor II, LLC   Case number (if known) _____
        Name

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| --- | --- | --- |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _2_ _2_ _1_ _1_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor  __Condor II, LLC_____  Case number (if known)_____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____  When _____  Case number _____
                                  MM / DD / YYYY
          District _____  When _____  Case number _____
                                  MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor  __See Addendum_____  Relationship _____
           District _____  When _____
                                             MM  /  DD  / YYYY
           Case number, if known  _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                           Number      Street

    _____

    _____  _____  _____
    City                                 State  ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

**Statistical and administrative information**

DocuSign Envelope ID: 07DC9447-2A22-410D-8B28-6195164EA7BA

Debtor  **Condor II, LLC**                                  Case number (*if known*)_____
        <sub>Name</sub>

| 13. | Debtor's estimation of available funds | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors**[1] | ☒ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **08/11/2023**
             MM / DD / YYYY

✗ *Mark McDermott*                              Mark A. McDermott
   Signature of authorized representative of debtor    Printed name

   Title  **Authorized Person**

---

[1] The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for the Debtor and its debtor affiliates, identified on the addendum attached hereto.

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **4**

| Debtor | Condor II, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

✖ /s/ Matthew D. Cavenaugh                Date  08/11/2023
Signature of attorney for debtor                     MM / DD / YYYY

Matthew D. Cavenaugh
Printed name

Jackson Walker LLP
Firm name

1401 McKinney Street, Suite 1400
Number    Street

Houston                                TX         77010
City                                   State      ZIP Code

713-752-4284                           mcavenaugh@jw.com
Contact phone                          Email address

24062656                               Texas
Bar number                             State

**Fill in this information to identify the case and this filing:**

Debtor Name __Condor II, LLC_____

United States Bankruptcy Court for the: __Southern_____ District of __Texas____
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __List of equity security holders and statement of corporate ownership_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/11/2023__        X _/s/ Mark McDermott_____
MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                   __Mark A. McDermott_____
                                   Printed name

                                   __Authorized Person_____
                                   Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Cóndor Inversiones SpA.

Cóndor Inversiones SpA
Huemul Inversiones SpA
Condor II, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
In re: :
 : Chapter 11
 :
Condor II, LLC, : Case No. 23– _____ (     )
 :
      Debtor. : (Joint Administration Requested)
 :
---------------------------------------------------------- x

## CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Condor II, LLC states as follows:

| Entity | Name and Address of Corporate Owner | Percentage of Interests Held |
|---|---|---|
| Condor II, LLC | Cóndor Inversiones SpA<br>Avenida Apoquindo 4800<br>Torre Dos Piso 15, 1501-A<br>Las Condes, Santiago, XIII Region Metropolitana, Chile, 7560973 | 50% |
| Condor II, LLC | Huemul Inversiones SpA<br>Avenida Apoquindo 4800<br>Torre Dos Piso 15, 1501-A<br>Las Condes, Santiago, XIII Region Metropolitana, Chile, 7560973 | 50% |

**Fill in this information to identify the case:**

Debtor name __Condor II, LLC_____

United States Bankruptcy Court for the: __Southern_____ District of __Texas__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | - None - | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Official Form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims   page 1

Debtor  Condor II, LLC
  ———————————————————————
  Name

Case number (*if known*)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

**CONDOR II, LLC**
**UNANIMOUS WRITTEN CONSENT OF THE MEMBERS**
**IN LIEU OF A MEETING**
**August 9, 2023**

---

The undersigned, being all of the members (the "<u>Members</u>") of Condor II, LLC, a limited liability company organized and existing under the laws of the State of Texas (the "<u>Company</u>"), do hereby consent, pursuant to Section 6.201 of the Texas Business Organizations Code (the "<u>TBOC</u>"), to the adoption of the following resolutions with the same force and effect as if such resolutions had been adopted at a duly convened meeting of the Members (this "<u>Written Consent</u>").

**<u>Chapter 11 Filing</u>**

**WHEREAS**, the administrators of each of the Members (the "<u>Administrators</u>") held special meetings of administrators of each of the Members on August 4 and 8, 2023 (the "<u>Special Meetings</u>") to discuss the following matters: (a) analysis of the economic and financial situation of each such Member and adoption of urgent measures; (b) execution of certain agreements; (c) formation of the Company as a Texas limited liability company; and (d) that the Members and the Company seek relief under Chapter 11 of the US Bankruptcy Code or in any other appropriate forum.

**WHEREAS**, the Administrators at the Special Meetings reviewed the economic and financial background of each respective Member and the accompanying records in the bankruptcy reorganization court proceedings before the 6th Civil Court of Santiago, Chile and the 15th Civil Court of Santiago, Chile, pursuant to cases Rol C-12.429-2023 and Rol C-12.426-2023, respectively, as well as other publicly available information. These records illustrate the current complex and deteriorated financial situation of the Members and their respective subsidiaries.

**WHEREAS**, the Administrators acknowledged at the Special Meetings that each of the Members acted as co-debtors and joint guarantors of Denef Investments, S.L.U. (the sole shareholder of each of the Members) under the terms and conditions established in the contract referred to as the "Credit and Guarantee Agreement," executed by means of a private instrument dated September 17, 2020, among Mainstream Renewable Power Mezzanine Finance DAC, Denef Investments, S.L.U., Cóndor Inversiones SpA, Huemul Inversiones SpA and Wilmington Trust, National Association (the "<u>Credit Agreement</u>"). In relation to the foregoing, the Administrators have been made aware of the occurrence of an "Event of Default" or "Events of Default," as defined in the Credit Agreement, on the part of Denef Investments, S.L.U. regarding Wilmington Trust, National Association, in the amount of US$280,000,000 for capital plus accrued interest, which further demonstrates the Members' and consequently the Company's complex financial situation.

**WHEREAS**, for the analysis of the financial and economic situation of the Members and the Company at the Special Meetings, the Administrators have: (a) regularly and carefully reviewed the materials and other information presented by each Member's advisors regarding each such Member's business conditions, its operations, its current and projected financial position and other relevant information; (b) thoroughly evaluated each Member's and the Company's strategic alternatives, including a possible restructuring; (c) conferred extensively with each Member's advisors regarding these matters; and (d) determined that the filing of voluntary petitions under Chapter 11 of the US Bankruptcy Code by each Member and the Company is in the best interests of each such Member and the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Members it is desirable and in the best interests of the Company to seek relief under Chapter 11 of the US Bankruptcy Code or in any other appropriate forum (the "Chapter 11 Case").

**FURTHER RESOLVED**, that each Authorized Person (as defined below) shall be, and each of them hereby is, authorized to file voluntary petitions (the "Petitions") to initiate the Chapter 11 Case, in the United States Bankruptcy Court for the Southern District of Texas or such other court as each Authorized Person shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof.

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company and its Members, to: (a) execute, acknowledge, deliver and verify the Petitions and all other ancillary documents, and cause the Petitions to be filed with the Bankruptcy Court, as appropriate, and make or cause to be made prior to execution thereof any modifications to the Petitions or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Chapter 11 Case in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petitions and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof; and (d) to take any action as may be deemed necessary, desirable or appropriate to carry out the intent of this resolution, including the filing of the Petitions and any ancillary documents.

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them individually hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain: (a) Jones Day; (b) Jackson Walker LLP; (c) Guerrero Iturra Abogados; and (d) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, experts, agents or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with the Chapter 11 Case and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof.

**FURTHER RESOLVED**, that the law firms of Jones Day, Jackson Walker LLP and Guerrero Iturra Abogados and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are, authorized, empowered and directed to represent the Company and each of its Members, as debtor and debtor in possession, in connection with the Chapter 11 Case or any other restructuring proceedings commenced by or against the Company

or any of its Members under the US Bankruptcy Code or in any other appropriate forum in which the Company or any of its Members may seek recognition.

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of the Company and its Members, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, any and all such agreements, documents certificates, instruments, statements, notices, undertakings, amendments and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Person shall be necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein.

**FURTHER RESOLVED**, that the signature of any Member or Authorized Person may, but need not, be a facsimile or electronic signature imprinted or otherwise reproduced on the documents, and for that purpose the Company hereby adopts as binding upon it the facsimile signature of any present or future Member or Authorized Person, notwithstanding the fact that at the time the documents shall be executed, authenticated or delivered or disposed of such person shall have ceased to be a Member or Authorized Person of the Company and that, in case any Member or Authorized Person of the Company whose facsimile signature shall appear on the documents shall cease to hold such office before the documents have been executed, authenticated and delivered or disposed of by the Company, such documents nevertheless may be executed, authenticated and delivered or disposed of and such documents shall be valid as though such person had not ceased to hold such position with the Company; and that any such documents as shall have been so executed, authenticated, delivered or disposed of are hereby adopted by the Company as its binding obligations.

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals at the direction of an Authorized Person, in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes.

**FURTHER RESOLVED**, that the secretary and/or any Authorized Person hereby are authorized and directed to certify and/or attest to these resolutions, certificate of incumbency and such other documents or instruments that the secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company.

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Person" shall mean and include any of the following individuals: (a) Alan Jeffrey Carr; (b) Mark Alan Mc Dermott; and (c) Daniel Gregory Katz.

**Electronic Signature**

**RESOLVED**, that this Written Consent may be transmitted to the Company electronically, in which event the electronic signature shall have the same effect as an original signature.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent as of the date first written above.

**CÓNDOR INVERSIONES SPA**, a Chilean corporation

By: *Alan Jeffrey Carr*
Name: Alan Jeffrey Carr
Title: Administrator

By: *Mark Alan Mc Dermott*
Name: Mark Alan Mc Dermott
Title: Administrator

**HUEMUL INVERSIONES SPA**, a Chilean corporation

By: *Alan Jeffrey Carr*
Name: Alan Jeffrey Carr
Title: Administrator

By: *Mark Alan Mc Dermott*
Name: Mark Alan Mc Dermott
Title: Administrator